[No. 20138. Department One. January 6, 1927.]

PAUL PATRICK, *Respondent*, v. FARMERS CORPORATION, *Defendant*, MARYLAND CASUALTY COMPANY, *Appellant*.[1]

[1] WAREHOUSEMEN (5)—CONVERSION—LIABILITY ON BOND. Where a warehouseman wrongfully converted and failed to return stored grain, his surety is liable on a warehouseman's bond, conditioned that he should comply with the warehousemen's act, which provides that he should return stored grain on demand, and the additional statutory liability of one per cent per day provided for by Rem. Comp. Stat., § 7001, is applicable only to cases where the stored grain was ultimately delivered, and does not limit the liability for failure to return it.

Appeal from a judgment of the superior court for Grant county, Jeffers, J., entered January 12, 1926, upon findings in favor of the plaintiff, in an action on a warehouseman's bond, tried to the court. Affirmed.

*Danson, Lowe & Danson,* for appellant.

*William M. Clapp,* for respondent.

TOLMAN, C. J.—This is an action on a statutory warehouse bond, tried to the court sitting without a jury, resulting in a judgment as prayed for against the bonding company, which has appealed.

[1]Reported in 251 Pac. 872.

The facts found by the trial court are not questioned. No statement of facts is brought up and the errors assigned are that the findings do not support the judgment and that it was error to enter judgment on the findings.

The bond in question was given under and pursuant to Rem. Comp. Stat., § 6996 [P. C. § 2659], which, so far as here applicable, reads:

"Each person, firm, corporation or association of persons operating any public warehouse or warehouses subject to the provisions of this act shall, on or before the first day of July of each year, give a surety bond to the state of Washington, . . . conditioned upon the faithful performance of the acts and duties enjoined upon them by law, . . ."

Section 6982 [P. C. § 2646], gives a right of action on such bond and reads:

"All bonds provided for by this act shall be filed in the office of the secretary of state of Washington, and any person injured by official act or the neglect of duty of any such bonded employee, or by reason of neglect or failure of such bonded employee or warehouseman to comply with the provisions of this act or of the rules and regulations of the commission shall have a right of action upon such bond for the recovery of all damages suffered thereby."

The trial court found a failure and refusal to deliver stored grain on demand and that the warehouseman had converted and sold the grain prior to demand and was unable to comply with the demand.

[1] It seems to be appellant's contention that, notwithstanding the provisions of Rem. Comp. Stat., § 7001 [P. C. § 2664],

"Upon the return of the receipt to the proper warehouseman, properly indorsed, and upon payment or tender of all advances and legal charges, grain, hay or peas of the grade and quantity named therein shall be

delivered to the holder of such receipt, within forty-eight hours after the facilities for receiving the same have been provided'',

and notwithstanding the undoubted liability of the warehouseman for a failure to so deliver, the bond is liable only for the grain in specie, or for damages for delayed delivery as provided in the remainder of § 7001, which is—

"If such warehouseman shall fail so to deliver it, he shall be liable to the owner, in damages at the rate of one per cent of the reasonable value of the product for each day's delay, unless he shall deliver the property to the several owners in the order of demand as rapidly as it can be done by ordinary diligence. If, upon such demand and tender, the warehouseman shall fail so to deliver such grain, hay or peas, the person entitled thereto may recover the same by action; and such warehouseman or person or agent in charge thereof shall be subject to a penalty, as hereinafter provided."

A somewhat ingenious and entertaining argument is made to support this view, but we do not deem it necessary to set forth that argument and discuss and answer it. It seems to us sufficient to say that, in our judgment, when the legislature provided that the warehouseman should give a bond conditioned that he should comply with the act, and then provided that he should return the stored grain on demand; it intended that the bond should be liable for a failure to so return, in any appropriate form of action, and that, if it had not so intended, it would have expressly limited liability on the bond to the particular actions provided for in the act.

Manifestly, the statutory liability of one per cent per day is intended to apply only to those cases where, though the stored goods are ultimately delivered, there is unreasonable delay in so delivering. Of course the

last provision of §7001 permits the recovery in specie, but where, as here, the grain has been converted prior to demand, neither of these special remedies provided by the statute is appropriate or available. But the warehouseman's statutory duty has been violated. He has failed to comply with the provisions of the act, and thereby a liability against the bond is created which can be enforced in any appropriate form of action.

The judgment is affirmed.

HOLCOMB, MAIN, MITCHELL, and FULLERTON, JJ., concur.